IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS TOVAR MENDOZA,

        Petitioner,

v.                                                               CIV 05-1303 BB/CEG

ANTHONY ROMERO, Director,
Regional Correctional Center, et al.,

        Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Amended Proposed Findings and Recommend Disposition on March 8, 2007, recommending that an evidentiary hearing was warranted. *See Doc. 39*. Respondents filed their objection to the Amended Proposed Findings and Recommended Disposition on April 3, 2007. *See Doc. 43*. The Court has carefully reviewed Respondents' Objection *de novo*, and, for the reasons below, the Court agrees with the Magistrate Judge's recommendation.

Respondents argue that Petitioner has failed to clear the 'initial hurdle' set forth within 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

However, in making this claim Respondents do not argue that Petitioner has failed to develop the factual basis of his claims in the state court proceedings. "By the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'" *Williams v. Taylor*, 529 U.S. 420, 430 (2000). For state courts to have their rightful opportunity to adjudicate federal rights the Petitioner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. *Id*. "Comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim where he was unable to develop his claim in state court despite diligent effort.'" *Id*. In that situation § 2254(e)(2) does not apply. *Id*. at 437; *see also Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).

The record reveals that Petitioner was unable to develop his claim in state court despite a diligent effort. "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435. The Petition for Writ of Habeas Corpus, submitted in accordance with NMRA Rule 5-802(B)(C), contained factual evidence to support Petitioner's involuntary and unknowing plea claim, as well as his failure to investigate claim. Attached to the petition were several affidavits supporting these claims. The petition was not summarily dismissed in accordance with NMRA Rule 5-802(E)(1). Five months after its filing, Petitioner filed a Motion to Compel the Government to Respond to the Petition for Writ of Habeas Corpus. *See Record Proper* at 113. That motion was granted and counsel was appointed to represent Petitioner in accordance with

NMRA Rule 5-802(E)(2). *Id.* at 116. At this point it became unnecessary for Petitioner to request an evidentiary hearing because NMRA Rule 5-802(E)(3) mandates that the court determine sua sponte whether to hold an evidentiary hearing.[1]  Eight months after the state court ordered the government to respond, the petition was dismissed summarily without an evidentiary hearing, despite the government's failure to respond. *Id.* at 123. Because Petitioner diligently attempted to develop the factual basis for his claims in accordance with New Mexico law, § 2254(e)(2) does not apply.

In deciding whether to hold an evidentiary hearing, then, the Court applies the pre-AEDPA standard. Under the pre-AEDPA standard, Petitioner is entitled to an evidentiary hearing in federal court when "his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Cannon v. Mullin*, 383 F.3d 1152, 1175 (10th Cir. 2004). Petitioner brings two claims: (i) his attorney was ineffective for failing to investigate the rape charge, and (ii) his plea was involuntary or unknowing due to certain promises made by his attorney. *See Docs. 1, 37, 38*.

Regarding the failure to investigate claim, Petitioner alleges that his attorney failed to investigate obvious inconsistencies that would have proved Petitioner's ex-wife had lied about being raped. His allegations are not contravened by the existing factual record or anything set forth in Respondents' Objection. "The duty to investigate derives from counsel's basic function .

---

[1] "If the court directs the respondent to file a response, after the response is filed, the court shall determine whether an evidentiary hearing is required." NMRA Rule 5-802(E)(3). The Court highlights this distinction because it is unique to the State of New Mexico. While in the "usual case" diligence entails requesting an evidentiary hearing, such a request in Petitioner's situation would have been pointless. *Williams*, 529 U.S. at 437. The Court also notes that by filing the Motion to Compel Response, Petitioner was, in essence, "seeking an evidentiary hearing in state court in the manner prescribed by state law." *Id.; see also Barkell v. Crouse*, 468 F.3d 684, 694 (10th Cir. 2006) ("Our conclusion [that Petitioner exercised diligence in state court] is based on our reading of Wyoming law . . . .")

. . to make the adversarial testing process work in the particular case." *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997). In the recent Tenth Circuit decision *Barkell v. Crouse*, 468 F.3d 684, the Court held: "In light of the prosecution's complete reliance on the victim's veracity and the leads given by Mr. Barkell and his sister, it would have been unreasonable for Mr. McQueen not to investigate whether records and witnesses regarding BV's counseling and school experiences could suggest her propensity to lie or her motive to harm Mr. Barkell." *Id.* at 698. Petitioner's allegations are striking similar to those of Mr. Barkell's. *See, e.g., Docs. 1, 19, 23, 37, 38*. The Court concludes, as did the Court in *Barkell*, that Petitioner is entitled to an evidentiary hearing on his failure to investigate claim to "ascertain whether [petitioner] is able to prove the necessary deficiencies and prejudice." *Barkell*, 468 F.3d at 698.

Petitioner's other claim, that his plea was involuntary and unknowing, is supported by an allegation that his attorney promised him he would receive a three year sentence. Petitioner does not allege that his attorney made an erroneous sentence prediction, but rather, that his attorney insisted that he had a side agreement with the judge. Petitioner alleges that he was never read his plea transcript in Spanish and that his attorney first showed it to him in Court on March 25, 2003 while he was sitting in the jury box. He alleges that he informed his attorney that he did not rape his ex-wife and that his attorney told him "not to worry about [his] case" and to "sign here for three years." *Doc. 38* at 2. These allegations are not completely contravened by the record and the record, for that matter, can "cast no real light" on many of Petitioner's allegations. *Machibroda v. United States*, 368 U.S. 487, 494-495 (1962).

The voluntariness of a plea "can only be determined by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). Petitioner's

4

allegations are analogous to those set forth in *Blackledge v. Allison*, 431 U.S. 63, 65-71 (1977). In that case the Petitioner "alleged as a ground for relief that his plea was induced by an unkept promise." *Id*. at 68. The Supreme Court noted that the "the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable." *Id*. at 74. The Supreme Court concluded:

> Particularly if, as Allison alleged, he was advised by counsel to conceal any plea bargain, his denial that any promises had been made might have been a courtroom ritual more sham than real. We thus cannot conclude that the allegations in Allison's habeas corpus petition, when measured against the 'record' of the arraignment, were so 'patently false or frivolous' as to warrant summary dismissal.

*Id*. at 78. An evidentiary hearing is necessary to determine whether Petitioner knowingly and voluntarily entered his plea. It is also necessary to determine the related issue of whether Petitioner's counsel was ineffective for failing to insure that Petitioner's plea was knowingly and voluntarily entered.

Accordingly, the Court concurs with the Magistrate Judge's Amended Proposed Findings and Recommended Disposition and finds that an evidentiary hearing is warranted on Petitioner's failure to investigate claim, as well as his involuntary and unknowing plea claim.

Wherefore,

IT IS HEREBY ORDERED THAT:

1) the Magistrate Judge's Amended Proposed Findings and Recommended Disposition *(Doc. 39)* are adopted;

2) an evidentiary hearing in these proceedings is warranted; and

5

3)      counsel from both sides should meet and confer and inform the Magistrate Judge
        of appropriate dates for an evidentiary hearing and, if needed, a briefing
        schedule.


                                        _____
                                        UNITED STATES DISTRICT JUDGE